Tanya E. Moore, Esq. SBN 206683
K. Randolph Moore, SBN 106933
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
Email: tanya@moorelawfirm.com

Attorneys for Plaintiff
Natividad Gutierrez

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

NATIVIDAD GUTIERREZ, ) No. 1:11-cv-00579-SMS
)
Plaintiff, ) **CONSENT DECREE AND ORDER**
)
vs. )
)
JOHN OHANIAN, AYEDH ALSHOGAA )
dba LA ESTRELLA MARKET, )
)
Defendants. )
)

### INTRODUCTION

1.  Plaintiff NATIVIDAD GUTIERREZ ("Plaintiff") filed a complaint in this action on April 8, 2011 ("Complaint") to obtain statutory damages and to enforce provisions of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and California civil rights laws against Defendants JOHN OHANIAN and AYEDH ALSHOGAA dba LA ESTRELLA MARKET (collectively referred to as "Defendants") (Plaintiff and Defendants collectively referred to as the "Parties"), relating to the condition of their public accommodations. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health and Safety Code, by failing to provide full and equal access to the facilities located at 449 North Fresno Street, Fresno, California (the "Facility").

**JURISDICTION**

2. The Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the ADA, and supplemental jurisdiction for alleged violations of California Health & Safety Code § 19955 *et seq.*, including § 19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

**REMEDIAL RELIEF**

3. This Order shall be a full, complete and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the Complaint but shall not be construed to be a resolution of Plaintiff's claim for attorney fees, costs and litigation expenses.

4. Defendants agree to make the following modifications to the Facility in compliance with the standards and specifications set forth in the Americans with Disabilities Act Accessibility Guidelines and Title 24 California Code of Regulations:

**Site Entrance Signage**

1) Provide site directional signage at all entrances directing to the accessible entrance and route of travel. These signs shall be at each site entrance and walkways entering the site directing to the accessible entrance. Signs shall have an accessible symbol with arrows pointing in the direction of travel and viewable by persons in a wheelchair, preferably 27" maximum height to bottom of sign.

2) Provide proper tow away warning signage at each entrance to the off-street parking facilities.

**Accessible Parking**

3) Provide a minimum of two accessible parking spaces with one being a van accessible parking space with proper slopes that do not exceed 2% slope.

4) Properly stripe and identify accessible parking stalls.

//

**Exterior Accessible Routes**

5) Provide site directional signage at all non-accessible entrances directing to the accessible entrance.

**Accessible Doors**

6) Have all door operation pressures tested by a door professional for 5lbs door operational forces and proper signage.

7) Repair Entrance landings that exceed 2% slope.

8) Provide a 6" minimum pictorial square sign displaying the International Symbol of Accessibility at the accessible entrances.

9) Provide proper sign on restroom door.

**Accessible Route from Accessible Entrances**

10) Provide a minimum 36" wheelchair space to all functional areas

**Service Counter**

11) Provide at least one service checkout counter to be 34" maximum high and 36" minimum in length for all locations that have service counters. Due to the age of the building equivalent facilitation may be provided for the accessible counters.

12) Provide a clear floor area at the counters.

**Uni-Sex Restroom**

13) If restroom is available to the public then a properly configured and identified accessible restroom shall be provided, including properly located and configured fixtures and accessories.

5. The modifications set forth in paragraph 5 shall be completed within six (6) months after the date of entry of this Consent Decree and Order.

## **MONETARY RELIEF**

6. Defendants shall pay to Plaintiff the total sum of $4,000.00 ("the Settlement Payment"). The Settlement Payment shall be made payable to the Moore Law Firm, P.C. Trust Account and tendered to the Moore Law Firm, P.C., 332 North Second Street, San Jose, California 95112 within ten (10) days of execution of the entry of the Consent Decree and

Order and shall be in the form of a cashier's check.  The taxpayer identification number for the Moore Law Firm is 22- 3978544.

7. Tax Liability. Plaintiff takes complete responsibility for any tax liability from the receipt of any settlement monies under this Agreement.  An IRS 1099-MISC will be issued to the Moore Law Firm, P.C. for the Settlement Payment.

### ATTORNEY FEES, LITIGATION EXPENSES AND COSTS

8. The Parties have not reached an agreement regarding Plaintiff's claim for attorney fees, litigation expenses and costs.  This issue shall be the subject of further motion to the Court which date has already been set by the Court to be heard April 11, 2012.  Nothing herein shall be construed to be a waiver of Plaintiff's rights to recover attorney fees, litigation expenses and costs.

### CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

9. This Consent Decree and Order shall be binding on Plaintiff and Defendants and any successors in interest.  The Parties have a duty to notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction over this Consent Decree and Order.

### TERM OF CONSENT DECREE AND ORDER

10. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

### SIGNATORIES BIND PARTIES

11. Signatories on behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in

counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated:  February 8, 2012  /s/ Natividad Gutierrez
Plaintiff NATIVIDAD GUTIERREZ

Dated: February 7, 2012  /s/ John Ohanian
Defendant JOHN OHANIAN

Dated: February 7, 2012  /s/ Ayedh Alshogaa
Defendant AYEDH ALSHOGAA
dba LA ESTRELLA MARKET

APPROVED AS TO FORM:

Dated:  February 8, 2012  MOORE LAW FIRM, P.C.

/s/ Tanya E. Moore
Tanya E. Moore, Attorneys for
Plaintiff Natividad Gutierrez

Dated: February 6, 2012  MICHAEL WELCH + ASSOCIATES

/s/ Michael D. Welch
Michael D. Welch, Attorney for
John Ohanian and Ayedh Alshogaa
dba La Estrella Market

## **ORDER**

Pursuant to the consent of the Parties, and good cause having been shown,

IT IS SO ORDERED.

Dated:   **February 14, 2012**         **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28