1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8   NATIVIDAD GUTIERREZ,                      CASE NO.     1:11-cv-00579-SMS

9                Plaintiff,

                                ORDER GRANTING PLAINTIFF'S REQUEST

10      v.                                   FOR ATTORNEYS' FEES AND COSTS

11   JOHN ONANION, et al.,

12                Defendants.

                                (Doc. 29)

13   _____/

14

15       Plaintiff Natividad Gutierrez moves for an award of attorneys' fees and costs totaling

16   $18,304.67.  Defendants respond that the requested fees and costs are excessive and unnecessary.

17   Having reviewed the parties' declarations and memoranda of points and authorities, the record as a

18   whole, and applicable law, this Court orders attorneys' fees and costs totaling $15,219.42.

19   **I.**       **PROCEDURAL AND FACTUAL SUMMARY**

20       On April 8, 2011, Plaintiff, who is quadriplegic and uses a wheelchair, filed a complaint

21   against Defendants alleging discrimination arising from the multiple barriers that he encountered in

22   his attempt to visit La Estrella Market, a public accommodation operated by Defendants.  Plaintiff,

23   who brought suit pursuant to the Americans With Disabilities Act (ADA) and California law, sought

24   injunctive and declaratory relief and damages.

25       Following a period in which both parties engaged in discovery and negotiations, the parties

26   reached a settlement agreement regarding damages on January 31, 2012.  The Court entered the

27   ///

28                                  -1-

1  consent decree and order on February 14, 2012.  On February 21, 2012, Plaintiff moved for

2  attorneys' fees and costs.

3  **II.      AWARDING ATTORNEYS' FEES AND COSTS**

4           In the Court's discretion, a party that prevails on claims brought under the ADA may recover

5  reasonable attorneys' fees and costs.  42 U.S.C. § 12205.  Courts use the lodestar approach set forth

6  in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), to calculate an award of reasonable attorney fees.

7  *See also Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009). To apply this method, the Court

8  multiplies the hours reasonably spent on litigation by a reasonable hourly rate (the lodestar fee). The

9  moving party has the burden of producing sufficient evidence to show that his or her hourly rates are

10 reasonable.  *Blum v. Stenson*, 465 U.S. 886, 896 (1984)

11          There is a strong presumption that the lodestar fee is reasonable, but the court may adjust it

12 upward or downward as necessary to determine a reasonable fee.  *Blum*, 465 U.S. at 897; *City of*

13 *Burlington v. Dague*, 505 U.S. 557, 559 (1992).  In determining the propriety of adjusting the

14 "lodestar" rate, courts may consider the following factors: 1) the time and labor required; (2) the

15 novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) the

16 extent to which the attorney's work on the case precluded other legal employment; (5) the customary

17 fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

18 client or circumstances; (8) the amount involved and the results obtained; (9) the experience,

19 reputation and ability of the attorneys; (10) the undesirability of the case;  (11) the nature and length

20 of the professional relationship between the lawyer and the client; and, (12) awards in similar cases.

21 *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

22          Plaintiff requests an award of $16,187.70 in attorney fees and $2116.97 in costs related to

23 this litigation. Plaintiff supports the request with copies of  billing statements for services performed

24 in the case and the declarations of attorney Tanya Moore and paralegal Marejka Sacks.

25          **A.      Determination of Hourly Rates**

26          Courts generally determine an attorney's reasonable hourly rate with reference to prevailing

27 market rates in the local community.  *See Blum*, 465 U.S. at 895; *Gates v. Deukmejian,* 987 F.2d

28                                                        -2-

1  1392, 1405 *(9th Cir. 1992).  The applicant bears the burden of producing sufficient evidence that the

2  requested rates are "in line with those prevailing in the community for similar services by lawyers of

3  reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n. 11.  Here, in

4  light of the adoption of the Magistrate Judge's findings and recommendations in *Delgado v. Sadik*

5  (E.D.Cal. January 17, 2012)(No. 1:11-cv-000379-LJO-SKO),  Plaintiff's attorney has reduced her

6  request from her usual hourly rate of $350.00 per hour to $300.00 per hour.  Defendant agrees that

7  this is a reasonable rate.  Accordingly, this Court finds $300.00 per hour to be a reasonable billing

8  rate for Plaintiff's attorney.

9        For paralegal Marejka Sacks, Plaintiff requests an hourly fee of $115.00 before November

10  2011 and $150.00 after October 2011.  Defendants object to the $150.00 hourly fee as excessive.

11  Plaintiff responds that $150.00 per hour is within the range for paralegals of $100.00 to $165.00 per

12  hour utilized by the Court in *Luna v. Hoa Trung Voa* (E.D. Cal. May 25, 2011)(No. 1:08-cv-01962-

13  AWI-SMS).

14        Plaintiff misstates the determination of paralegal billing in *Luna*, in which the Court awarded

15  two paralegals of an Oakland, California, law firm their actual billing rates of $100.00 and $165.00,

16  noting that the defendant had raised no objection to those rates.  Further, Plaintiff provides no

17  explanation for a precipitous 13 percent increase in Ms. Sacks' billing rate in November 2011, at

18  which point Ms. Sacks had worked only 14 months in matters involving the representation of

19  plaintiffs bringing ADA actions.[1]  The extent of the increase is clearly excessive in the prevailing

20  legal and economic climate.

21        In accepting the unchallenged billing rates of the junior and senior paralegals in *Luna*, Judge

22  Ishii observed the lack of precedent addressing prevailing rates for paralegal services in Fresno,

23  California.  But even if this Court were to accept the amounts awarded in *Luna* as indicative of the

24  range of reasonable hourly rates, Plaintiff has provided no basis by which the Court could conclude

25  that Ms. Sacks, who had performed eight years of paralegal work of which 14 months addressed

26  _____

27        [1] Presumably, Ms. Sacks' prior experience in general civil litigation was already reflected in her billing rate of $115.00.

28                                            -3-

1  ADA cases, reasonably billed near the top of the rate scale.  The Court will approve a single billing

2  rate for Ms. Sacks of $115.00 per hour.

3         Defendants challenge the number of hours billed.  They urge this Court to eliminate all hours

4  attributable to travel time.  In addition, they emphasize that, on December 11, 2011, Defendants

5  agreed to remove all barriers at the property but declined to accept Plaintiff's offer to settle fees,

6  costs, and damages for $14,000 given the limited litigation costs to that date.  Defendants charge that

7  Plaintiff unnecessary ran up the bills after that date, preparing the settlement conference statement

8  and an unnecessary motion to compel.  Defendants also contend that fees for preparation of

9  Plaintiff's motion for fees and costs should be disallowed.  Finally, Defendants request that the Court

10  reduce the remainder of the fees attributable to the period after December 11, 2011, be reduced by 40

11  percent.  Thus, Defendants propose that Plaintiff be awarded $5,708.16 for attorneys' fees.

12         **Travel time.**  Citing *DeVito v. Hempstead China Shop, Inc.*, 831 F.Supp. 1037, 1045 (E.D.

13  N.Y. 1993), Defendants contend that Plaintiff should bear the cost of his decision to hire non-local

14  counsel.  This Court declines to rely on the summary determination of a distant court in an unrelated

15  case.  A district court may allow reasonable travel expenses.  *Nadarajah*, 569 F.3d at 924;  *Lemus v.*

16  *Burnham Painting & Drywall Corp.*, 426 Fed.Appx. 543, 546 (9th Cir. 2011).  Plaintiff's attorney

17  billed one-half of her travel time to be present at the expert site inspection.  Because of the

18  importance of the expert's inspection of Defendants' premises, this time was reasonably expended

19  and will be allowed.

20         **Settlement conference statement.**  Defendants contend that Plaintiff's counsel expended

21  excessive time in preparing the confidential settlement statement.  Billing records indicate that Ms.

22  Moore spent 4.81 hours  ($1443.00) on January 16, 23, and 24, 2012, reviewing the file, drafting the

23  statement, supervising the paralegal, and communicating with Plaintiff.  Ms. Sacks billed 1.37 hours

24  drafting the statement and preparing the exhibits ($115.00 x 1.37 hours = $157.55).

25         Ms. Moore explains that, because Defendants had failed to respond in discovery, failed to

26  provide any settlement counter-offer, and failed to provide any meaningful argument regarding their

27  claims of nonliability, she needed to spend additional time both in preparing the confidential

28                                                  -4-

statement and in communicating with the Plaintiff. These contentions are not persuasive. Since Ms. Moore's practice focuses on the law of disability access, she knows well the law applicable to property owners' claims of nonliability. Since Plaintiff and Ms. Moore have a longstanding relationship, having jointly pursued 46 such cases so far, they can be expected to have a very clear idea of the settlement value of each case. The Court will allow 2 hours for Ms. Moore's time. The full time spent by Ms. Sacks will be allowed.

**Motion to Compel.** Defendants object that Plaintiff's claim for time allocable to his motion to compel was both excessive and untimely given the pending settlement conference. Plaintiff's counsel billed 2.1 hours ($630), and Ms. Sacks billed 4.17 hours ($479.55). This Court agrees with Defendants, particularly since Ms. Moore should be well aware that the Court typically resolves discovery disputes quickly and informally by means of a telephone conference with opposing counsel. Time allocable to Plaintiff's motion to compel is disallowed.

**Preparation of Fee Application.** Characterizing this claim as "fees on fees," Defendant objects to Plaintiff's claim for 2.59 attorney hours and 6.17 paralegal hours spent in preparing the fee application. The prevailing party in an ADA case is entitled to reasonable fees for the time spent preparing a fee application. *See Serrano v. Unruh*, 32 Cal.3d 621, 631 (1982). Nonetheless, time claimed for preparation of the fee request is excessive. The Court will allow two hours attorney time and three hours paralegal time.

**Equitable Reduction.** Finally, Defendants urge the Court to further reduce the amount of fees requested by Plaintiff, contending that this case is in the nature of an equitable action. Defendants' argument is misplaced since this action was brought pursuant to federal and state statutes. No equitable reduction will be provided.

**Costs.** Defendants do not object to Plaintiff's costs nor does this Court perceive the inclusion of any inappropriate amounts. The costs requested by Plaintiff will be allowed in full.

**Summary.** The Court will allow 38.91 hours of attorney time at $300.00 per hour for a total of $11,673.00, and 12.43 hours of paralegal time at $115.00 per hour for a total of $1429.45. Counsel fees total $13,102.45.

-5-

1  **V.     ORDER**

2      For the above reasons, the Court awards the Plaintiff $13,102.45 in attorney fees and

3  $2116.97 in costs and expenses, for a total of $15,219.42.

4

5  IT IS SO ORDERED.

6  **Dated:    May 22, 2012**              _____/s/ Sandra M. Snyder_____
                                          UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    -6-